|   |   |
|---|---|
| KIFA A. MOHAMMED,<br><br>        Plaintiff,<br><br>   v.<br><br>P. CARRIER, Office Services Supervisor I, et al.,<br><br>        Defendants. | No. C 05-3430 JSW (PR)<br><br>ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Docket no. 2) |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

## INTRODUCTION

Plaintiff, a prisoner at the Correctional Training Facility at Soledad, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. This order reviews the claims in Plaintiff's complaint under 28 U.S.C. § 1915A(a).

## STATEMENT OF FACTS

According to the allegations in the complaint, on or about July 15, 2003, Defendants P. Carrier, Office Services Supervisor I, P. Dillard, Associate Warden, and Joe McGrath, Warden, violated Plaintiff's constitutional right of access to the courts because they intentionally, knowingly, and maliciously opened his legal mail on many occasions outside of his presence. He seeks monetary damages.

## ANALYSIS

I.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The district court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune

from such relief." *Id.* § 1915A(b). However, pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

II. <u>Legal Claims</u>

Prisoners enjoy a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). A prison, however, may adopt regulations or practices which impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." *See Turner v. Safley*, 482 U.S. 78, 89 (1987). Prison officials may institute procedures for inspecting "legal mail," e.g., mail sent between attorneys and prisoners, *see Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974) (incoming mail from attorneys), and mail sent from prisoners to the courts, *see Royse v. Superior Court*, 779 F.2d 573, 574-75 (9th Cir. 1986) (outgoing mail to court). But in some circumstances the opening and inspecting of legal mail outside the presence of the prisoner may have an impermissible chilling effect on the constitutional right to petition the government. *See O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996) (citing *Laird v. Tatum*, 408 U.S. 1, 11 (1972)); *but cf. Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998) (prison officials may open and inspect mail to prisoner from courts outside prisoner's presence because mail from courts, as opposed to mail from a prisoner's lawyer, is not legal mail). If so, prison officials must establish that legitimate penological interests justify the policy or practice. *See O'Keefe*, 82 F.3d at 327 (mail policy that allows prison mailroom employees to open and read grievances sent by prisoners to state agencies outside prisoners' presence reasonable means to further legitimate penological interests).

1      The deliberate delay of legal mail which adversely affects legal proceedings presents a
2 cognizable claim for denial of access to the courts. *See Jackson v. Procunier*, 789 F.2d 307,
3 311 (5th Cir. 1986). Isolated incidents of mail interference without any evidence of improper
4 motive or resulting interference with the right to counsel or access to the courts do not give
5 rise to a constitutional violation, however. *See Smith v. Maschner*, 899 F.2d 940, 944 (10th
6 Cir. 1990); *Morgan v. Montanye*, 516 F.2d 1367, 1370-71 (2d Cir. 1975) (no claim where
7 letter from prisoner's attorney opened out of prisoner's presence in single instance), *cert.*
8 *denied*, 424 U.S. 973 (1976); *Bach v. Illinois*, 504 F.2d at 1102 (isolated incident of mail
9 mishandling insufficient to state claim under § 1983).

10     Plaintiff's allegations do not state a claim upon which relief may be granted. First, he
11 states that his constitutional rights were violated on or about July 15, 2003, but also states that
12 his mail was opened on "many occasions" outside of his presence. Plaintiff must provide the
13 Court with more specific information about the dates or number of times on which his mail
14 was opened. Conclusory allegations which cannot be proven at trial cannot state a claim for
15 relief. Because Plaintiff alleges that he exhausted his administrative remedies regarding this
16 claim, he should be able to rely upon his administrative grievances to substantiate the number
17 of incidents.

18     Plaintiff also has not identified whether incoming or outgoing legal mail was opened,
19 and to and from whom the mail was addressed. Different standards of review could apply
20 depending on this pertinent information. Accordingly, Plaintiff must provide this specific
21 information with respect to each instance of alleged mail tampering.

22     Finally, Plaintiff has not directly linked any of the named Defendants to his allegations.
23 The failure to do so is fatal to his claims. Unless he can tell the Court exactly how each of
24 these Defendants is personally responsible for the alleged violation of his constitutional rights,
25 the Defendants will not be ordered to respond to the complaint.

26     For these reasons, Plaintiff's claim against these Defendants is DISMISSED. In accord

3

with *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc), Plaintiff will be given the opportunity to amend his complaint to cure the pleading deficiencies which the Court has identified. The failure to do so will result in the dismissal of this action without prejudice.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Plaintiff's motion to proceed *in forma pauperis* is GRANTED. (Docket no. 2.)

2. Plaintiff's claims are DISMISSED for failure to state a claim upon which relief may be granted. Within **thirty days** from the date of this order, Plaintiff may file an amended complaint which cures the pleading deficiencies set forth above. The amendment must include the caption and civil case number used in this order and the words "COURT ORDERED AMENDMENT TO COMPLAINT" on the first page. Failure to amend within the designated time will result in the dismissal of these claims.

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).

4. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: February 13, 2006

JEFFREY S. WHITE
United States District Judge